IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SAFE AUTO INSURANCE COMPANY )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WANETA KOPACK; )<br>TYLER JAMES KOPACK )<br>)<br>AND )<br>)<br>JAMES JOSHUA TRENT; )<br>KATIE JO TRENT, INDIVIDUALLY )<br>AND AS GUARDIAN AD LITEM FOR )<br>K.T. AND J.T. MINOR CHILDREN )<br>)<br>*Defendants.* )<br>) | CIVIL ACTION. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Non-Jury)** |

Safe Auto Insurance Company ("Safe Auto") pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, alleges unto this Honorable Court as follows:

**PRELIMINARY STATEMENT**

1.  Safe Auto brings this is a declaratory judgment action pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure seeking a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to an accident occurring on or about September 21, 2024, involving Defendant Tyler James Kopack and individuals named James Joshua Trent, Katie Jo Trent, individually and as guardian ad litem for K.T. and J.T. minor children (the "Claimants").

**PARTIES**

2. This matter is a declaratory judgment action seeking a declaration from this Honorable Court as to the rights and obligations pursuant to a Personal Automobile Insurance Policy issued by Safe Auto to Waneta Kopack, Policy No.: 2021557815, with effective dates of July 27, 2024 through January 27, 2025 (the "Policy").

3. Safe Auto is a corporation organized and existing under the laws of the State of Ohio with a principle place of business at 75 Executive Parkway, Hudson, Ohio 44237.

4. Upon information and belief, Waneta Kopack ("Ms. Kopack") is a citizen and resident of Horry County, South Carolina.

5. Upon information and belief, Tyler Kopack is a citizen and resident of Horry County, South Carolina.

6. Upon information and belief, Defendants James Joshua Trent, Katie Jo Trent, individually and as guardian ad litem for K.T. and J.T. minor children are citizens and residents of Horry County, State of South Carolina. James Joshua Trent, Katie Jo Trent, individually and as guardian ad litem for K.T. and J.T. minor children are named herein as interested parties only, so that they may be bound by any judicial determinations made herein.

**Jurisdiction and Venue**

7. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Safe Auto issued a Personal Automobile Insurance Policy to Ms. Kopack with Policy Number 2021557815 and effective dates of July 27, 2024 through January 27, 2025 (the "Policy"). (A copy of the Policy is attached hereto as **Exhibit A** and fully incorporated herein by reference).

10. Upon applying for the Policy, Ms. Kopack specifically requested that Tyler Kopack be identified as an Excluded Driver.

11. On January 26, 2024, Ms. Koppack declared that Tyler Kopack had surrendered his driver's license to the Department of Motor Vehicles in accordance with the laws of South Carolina. (A copy of the signed Exclusion of Named Driver Form is attached hereto as **Exhibit B**).

12. Ms. Kopack further declared that "none of the coverages afforded under this policy shall apply to any claim arising from an auto accident which occurs while any vehicle is being driven or operated, either with or without permission of the owner, by the excluded driver(s) shown below." **Exhibit B**.

13. As shown below, Tyler Kopack is an excluded driver:

| Full Name | Date of Birth | Driver's License | State | Relationship to Applicant |
|---|---|---|---|---|
| Kopack, Tyler | 02/17/1997 | | SC | Child |

☒ Surrendered driver's license to the Department of Motor Vehicles
☐ Obtained an appropriate policy of liability or other security

14. As shown below, the Declarations Pages attached to the Policy also identifies Tyler Kopack as an "Excluded Driver."

| #2 Tyler J Kopack | | | | | | | |
|---|---|---|---|---|---|---|---|
| Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Lic. |
| Excluded Driver | | SC | 02/17/1997 | Male | Single | 0 | 11 |

14. In relevant part, Part A of the Policy outlines EXCLUSIONS in which, if applicable, coverage will not be provided for an accident or loss that otherwise would be covered under the policy. The pertinent exclusion contained in Part A, EXCLUSIONS, outlines:

> We do not provide Liability Coverage for, nor have a duty to defend, for:
>
> . . .
>
> 20. Bodily injury or property damage resulting from the use of any auto by an excluded driver.

15. Further, the Policy also includes an endorsement that modifies the policy as to how coverage is changed for an excluded driver. The endorsement is as follows:

> None of the insurance coverages afforded by this Policy shall apply to any loss, accident, or damage that occurs while any vehicle is being driver, operated, or used in any manner by an excluded driver. This includes any claim for damages made against you, a family member or any other person or organization that is vicariously liable for an accident arising out of the operation of a covered auto or any other vehicle by an excluded driver.
>
> "Excluded driver" means any person shown as an excluded driver on the Declarations Page.
>
> If we make a payment for an accident that is not covered under the terms of this endorsement, but we paid solely to comply with the terms of a financial responsibility law, you must reimburse us to the extent of such payment.
>
> This exclusion applies to this Policy or any continuation, renewal or replacement of this Policy by the named insured until revoked by you and we make that change. A driver that is excluded under this Policy may not revoke this exclusion.

16. On or about September 21, 2024, Tyler Kopack was operating a 2014 Nissan Sentra, owned by Ms. Kopack, westbound on Secondary 616 in Horry County when he collided

with a 2023 Hyundai vehicle vehicle occupied by Defendants James Joshua Trent, Katie Jo Trent, individually and as guardian ad litem for K.T. and J.T. minor children.

17. At the time of the accident, Tyler Kopack was the only individual in the 2014 Nissan Sentra.

18. Ms. Kopack was not operating, nor inside of the 2014 Nissan Sentra at the time of the accident.

19. A tort lawsuit has been filed in Horry County, South Carolina Court of Common Pleas titled: *James Joshua Trent, Katie Jo Trent, individually and as Guardian ad Litem for K.T. and J.T. minor children v. Tyler James Kopack and Waneta Belle Kopack*, Case # 2025CP2605258. Therein, James Joshua Trent, Katie Jo Trent, individually and as Guardian ad Litem for K.T. and J.T. minor children seek recovery of personal injury damages from Waneta Kopack as owner of the 2014 Nissan and Tyler James Kopack as the operator of the 2014 Nissan. A true and correct copy of the tort suit is attached as **Exhibit C** to this Declaratory Judgment Complaint.

20. A genuine, actual, and justiciable controversy exists between Safe Auto and Ms. Kopack and Tyler Kopack as to the amount of insurance coverage, if any, afforded to Ms. Kopack and Tyler Kopack as a result of this accident. Such controversy requires a judicial declaration of the respective rights and responsibilities of Safe Auto and Ms. Kopack and Tyler Kopack under the Policy.

### FIRST CAUSE OF ACTION
#### Declaratory Judgment - Defense and Indemnification
#### Safe Auto Insurance Company v. Waneta Kopack and Tyler Kopack

23. Safe Auto incorporates herein by reference each of the allegations contained in Paragraphs one through twenty as set forth above.

24. Safe Auto brings this Complaint for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure on the grounds that Safe Auto is an interested party and seeks a declaration of the rights, status and legal relationship of the parties under the contract of insurance described in the Policy.

25. More specifically, Safe Auto seeks a declaratory judgment as to the duty, if any, to provide a defense and/or indemnification for Waneta Kopack as an insured under the Policy, and Tyler Kopack as an Excluded driver under the Policy, with regard to the potential liability or damages arising from the accident.

26. Pursuant to the Policy, none of the insurance coverages afforded by the Policy apply to a driver identified as an "Excluded Driver" in the Declarations.

27. Tyler Kopack, was the only individual besides Claimants involved in the accident and is identified as an "Excluded Driver" in the Declarations.

28. Moreover, Safe Auto did not charge premiums for Tyler Kopack, and therefore, Tyler Kopack was never a party to the insurance contract between Safe Auto and Ms. Kopack, and likewise Tyler Kopack has no legal claim to a defense or indemnification as a result of the accident.

29. Safe Auto seeks a determination from the Court concerning the interpretation of all coverages and exclusions in the Policy as they apply to the facts and circumstances of the assert claims for coverage.

**WHEREFORE**, Safe Auto demands judgment against Ms. Kopack and Tyler Kopack as follows:

    a.    A declaration that, Safe Auto has no duty to defend or indemnify Waneta Kopack as a result of the September 21, 2024, accident;

    b.    A declaration that, Safe Auto has no duty to defend or indemnify Tyler Kopack as a result of the September 21, 2024, accident;

    c.    A declaration that, Safe Auto has no duty to defend or indemnify any other party in the Underlying Lawsuit;

    d.    Interest, costs, and disbursements of this action;

    e.    That this Honorable Court make a determination of all rights and obligations under the Policy; and

    f.    Such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ J. Harrison Berry*
J. HARRISON BERRY (Fed ID 13576)
harrison.berry@mgclaw.com
2411 North Oak Street, Suite 401
Myrtle Beach, South Carolina 29577
Telephone: (843) 848-6000
Facsimile: (843) 449-2306
*ATTORNEYS FOR PLAINTIFF SAFE AUTO INSURANCE COMPANY*

March 4, 2026